# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELLWOOD MORRIS, JR. | * | |
| Petitioner | * | |
| v | * | Civil Action No. PJM-10-36 |
| PATRICIA JOHNSON, | * | |
| MR. GILLESBIE, and | | |
| THE ATTORNEY GENERAL OF THE | * | |
| STATE OF MARYLAND | | |
| | * | |
| Respondents | | |
| | *** | |

## MEMORANDUM OPINION

Respondents have filed an Answer to the Petition for Writ of Habeas Corpus alleging that it is untimely. Paper No. 5. Petitioner was provided an opportunity to explain to the Court why his petition should not be dismissed as time-barred and he responded to the Order. Papers No. 6 and 7.

On October 6, 1999, Petitioner pled guilty to one count of theft over $300 and was sentenced to 15 years in prison with all but 18 months suspended, to be followed by a term of probation. Paper No. 5 at Ex. 1. Petitioner did not appeal his guilty plea and sentence. *Id.* His conviction became final November 5, 1999, when the time for filing leave to appeal expired. *See* Md. Rule 8-204(b).

On March 12, 2001, Petitioner pled guilty to violating probation and was sentenced to serve eight years in prison, consecutive to any sentence then being served. Paper No. 5 at Ex. 1. Petitioner did not file an application for leave to appeal the revocation of his probation; thus, the judgment became final on April 11, 2001, when the time for filing leave to appeal expired. On April 30, 2009, Petitioner filed a Petition For Post Conviction in the Circuit Court for Somerset

County. *Id.* at Ex. 2, p.3. The post-conviction proceedings were resolved by consent order entered on September 22, 2009. *Id.* at Ex. 2, p. 5 and Ex. 3. Petitioner did not file for leave to appeal the post-conviction court's ruling; thus, that judgment became final on October 22, 2009, when the time for filing leave to appeal expired.

The deadline for filing a federal habeas corpus petition challenging the validity of the violation of probation proceeding[1] was April 11, 2002, one year after the judgment was final. Because Petitioner did not file an appeal or a petition for post-conviction petition during that one-year period, the statute of limitations was not tolled, but may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). To be entitled to equitable tolling of the limitations period, Petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir.2000).

Petitioner's correspondence simply states that he is innocent and asks this Court to release him. Paper No. 7. To the extent that Petitioner is asserting a claim of actual innocence, it is unavailing. Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). The claim in the instant case is not procedurally defaulted; it is time-barred. Thus, the Court cannot hear the merits of the claims.

---

[1] The Petition is unclear but states that Petitioner was incarcerated when his probation was violated. Paper No. 1 at p. 2. He admits, however, he was criminally prosecuted for assault during the period of his confinement. *Id.*

Having found no basis for equitable tolling of the limitations period, the Petition must be dismissed as untimely by separate Order which follows.

June 22, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE